**UNITED STATES of America, Appellee,**

v.

**WONG CHI KEUNG,
Defendant–Appellant.**

**No. 270, Docket 90–1253.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 25, 1990.

Decided Oct. 15, 1990.

Robert A. Schutzman, Forest Hills, N.Y., for defendant-appellant.

Howard M. Shapiro, Asst. U.S. Atty., New York City (Otto G. Obermaier, U.S. Atty., Daniel C. Richman, Asst. U.S. Atty., New York City, on the brief), for appellee.

Before LUMBARD, NEWMAN and ALTIMARI, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

The principal claim on this appeal from a criminal conviction is that the defendant's Fifth and Sixth Amendment rights were

violated by the unusual circumstances that the lawyer who had represented the defendant in connection with prior charges participated with a Government informant and the prosecution in arranging for the informant to "set up" the defendant for the benefit of the lawyer's current client and thereafter, without disclosing his role, recommended the attorney who handled the defense of the ensuing criminal charges. This largely undisputed claim is made by Wong Chi Keung on an appeal from the April 10, 1990, judgment of the District Court for the Southern District of New York (Michael B. Mukasey, Judge) convicting Wong of conspiracy and substantive offenses involving twenty-one kilograms of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(C), and 846 (1988). Because we require detailed findings as to what occurred in connection with the roles of defendant's former and current counsel and what effect, if any, such roles had upon the validity of Wong's conviction and the adequacy of the representation Wong received, we vacate the judgment and remand so that such findings can be made.

Wong contends that he was originally represented by Attorney Jerry Labush in connection with an immigration charge. Labush arranged for dismissal of the charge in exchange for Wong's agreement to work for the Drug Enforcement Agency (DEA) as a confidential informant, a task he performed with some success. Subsequently Lai King Man, a major heroin distributor in Hong Kong, also retained Labush upon his arrest on unrelated drug charges. To secure a favorable sentence Lai arranged to have one of his lieutenants, Ricki Lim, come to New York City to work as a DEA informant. Labush escorted Lim to the office of Assistant United States Attorney Howard Shapiro for a meeting at which arrangements were made for Lim to sell narcotics to Wong. The Government acknowledges Labush's role but maintains (a) that he assured Shapiro that he no longer represented Wong and (b) that the targeting of Wong originated with Lim, based on prior dealings between Wong and Lim.

Ultimately a heroin transaction occurred between Wong and Lim, at which time Wong was arrested. When Wong's brother called Labush seeking representation for Wong in connection with the heroin charges, Labush declined, without disclosing his role in Wong's arrest. Wong contends that Labush recommended Attorney John Jacobs, who ultimately represented Wong in the pending matter. The Government contends that Labush's law partner, rather than Labush himself, recommended Jacobs. Wong was convicted upon a jury verdict and sentenced to a term of fifteen years and three months and fined $25,000.

It is not clear whether Judge Mukasey knew anything about Labush's prior representation of Wong. The dismissal of the immigration charge, noting Labush's representation of Wong, was momentarily an exhibit at Wong's narcotics trial and then ruled inadmissible. We do not know whether the District Judge was aware of the fact or significance of Labush's former relationship to Wong. What is certain is that Judge Mukasey had no occasion to make any findings concerning (1) the extent of Labush's role, on behalf of his current client, Lai, in selecting Wong as a target and planning the events that followed, (2) the extent of his role in selecting defense counsel for the heroin charges, (3) the existence of any fee-sharing or referral agreement between Jacobs and Labush, and (4) whether either Labush's role or Jacob's representation impaired the validity of Wong's conviction. In these circumstances, the appropriate course is to vacate the conviction and remand for findings on at least the issues enumerated above, after such exploration of the facts as Judge Mukasey deems warranted. *See United States v. Shotwell Mfg. Co.*, 355 U.S. 233, 78 S.Ct. 245, 2 L.Ed.2d 234 (1957); *United States v. Ianniello*, 866 F.2d 540 (2d Cir. 1989). Thereafter, the District Judge may either order any relief to which Wong may be entitled or reinstate the judgment of conviction, in which event a renewed appeal may be perfected.

Vacated and remanded.